Zia F. Modabber (Admitted Pro Hac Vice) (ZM-6589)
Daniel A. Platt (Admitted Pro Hac Vice) (DP-0670)
**KATTEN MUCHIN ZAVIS ROSENMAN**
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4400
Attorneys for Plaintiff and Counterdefendant Michael Trent Reznor

Steven Shiffman (SS-3630)
**KATTEN MUCHIN ZAVIS ROSENMAN**
575 Madison Avenue
New York, New York 10022
(212) 940-8800
Attorneys for Plaintiff and Counterdefendant Michael Trent Reznor

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL TRENT REZNOR, an individual,

Plaintiff,

-against-

J. ARTIST MANAGEMENT, INC., an Ohio Corporation; JOHN A. MALM, JR., an individual; RICHARD SZEKELYI, an individual, and NAVIGENT GROUP,

Defendants.

J. ARTIST MANAGEMENT, INC., an Ohio Corporation; JOHN A. MALM, JR., an individual,

Counterclaimants

-against-

MICHAEL TRENT REZNOR, an individual

Counterdefendant.

Case No. 04 CIV 3808 (JSR)

COUNTERDEFENDANT MICHAEL TRENT REZNOR'S ANSWER TO COUNTERCLAIM OF COUNTERCLAIMANTS J. ARTIST MANAGEMENT, INC. AND JOHN A. MALM, JR.

Counterdefendant Michael Trent Reznor ("Reznor"), for himself alone and for no other counterdefendant, answers the Counterclaim filed by J. Artist Management, Inc. and John A. Malm, Jr. (collectively "JAM") as follows:

JURISDICTION AND VENUE

1. Paragraph 1 does not contain any material averments or factual allegations that need to be admitted or denied, and, on that basis, Reznor generally and specifically denies the allegations contained in said paragraph.

2. Answering paragraph 2, Reznor admits that jurisdiction is proper in this Court. Except as expressly admitted herein, Reznor denies the remaining allegations in said paragraph.

3. Answering paragraph 3, Reznor admits that venue is proper in this Court. Except as expressly admitted herein, Reznor denies the remaining allegations in said paragraph.

PARTIES

4. Answering paragraph 4, misdenominated as paragraph 1, Reznor admits the allegations contained in said paragraph upon information and belief.

5. Answering paragraph 5, misdenominated as paragraph 2, Reznor admits the allegations contained in said paragraph upon information and belief.

6. Answering paragraph 6, misdenominated as paragraph 3, Reznor admits he maintains residences in Louisiana and Los Angeles, California. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

JURISDICTION AND VENUE [REPEATED]

7. Answering paragraph 7, misdenominated as paragraph 4, Reznor admits that jurisdiction is proper in this Court. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

8. Answering paragraph 8, misdenominated as paragraph 5, Reznor admits that venue is proper in this Court. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

BACKGROUND

9. Answering paragraph 9, misdenominated as paragraph 6, Reznor admits that he hired JAM in the mid 1980's as his personal manager. Reznor further admits that at JAM's urging, and after being convinced it was the way to run his affairs, Reznor put complete trust and power over his business affairs and personal finances in JAM. Reznor further admits that while purporting to act in his capacity as Reznor's personal manager, JAM oversaw the formation of several other companies. He did so after inducing Reznor to give him half, and then caused those companies to enter into deals with Reznor without any independent scrutiny or control. In none of these transactions did Reznor have counsel and, on information and belief, JAM and defendants Richard Szekelyi and Navigent (collectively "Szekelyi") have controlled all these companies' books and records. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

10. Answering paragraph 10, misdenominated as paragraph 7 Reznor admits that JAM has, on occasion, advanced expenses to Reznor. Reznor denies that Malm deferred commissions in order to maximize Reznor's current revenues. The remainder of the paragraph does not contain any material averments which need to be admitted or denied, and, therefore, except as

expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

11. Answering paragraph 11, misdenominated as paragraph 8, Reznor generally and specifically denies the allegations contained in said paragraph.

12. Answering paragraph 12, misdenominated as paragraph 9, Reznor admits he terminated JAM. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

13. Answering paragraph 13, misdenominated as paragraph 10, Reznor admits he has made allegations in this case against JAM, which are contained in the complaint on file herein and are incorporated by reference as though set forth in full. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

ALLEGED FACTS

14. Answering paragraph 14, misdenominated as paragraph 11, Reznor admits that he and JAM met in Cleveland in the 1980's, and that Reznor was an aspiring recording artist and songwriter. Reznor further admits that he subsequently hired JAM as his personal manager, and thus JAM was his manager before a written contract was prepared. Reznor further admits that JAM on occasion advanced *de minimus* expenses to Reznor. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

15. Answering paragraph 15, misdenominated as paragraph 12, Reznor admits that he secured a recording contract with a record company known as TVT Records and a publishing agreement with TVT Music. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

16. Answering paragraph 16, misdenominated as paragraph 13, Reznor admits that he and JAM entered in to a written management agreement (the "Management Agreement"), which is attached to the complaint on file herein as Exhibit "A" and incorporated herein by reference as though set forth in full, and the Management Agreement is the best evidence of the terms contained therein. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

17. Answering paragraph 17, misdenominated as paragraph 14, Reznor admits that the album entitled *Pretty Hate Machine* was released in 1989 and that he toured in 1990 and 1991. Reznor lacks sufficient knowledge to admit or deny the remaining allegations, and on that basis denies them specifically and generally.

18. Answering paragraph 18, misdenominated as paragraph 15, Reznor admits that in or around 1992 he signed a recording agreement with Interscope Records ("Interscope"). Reznor further admits that Interscope agreement and the Management Agreement are the best evidence of the terms of those agreements. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

19. Answering paragraph 19, misdenominated as paragraph 16, Reznor admits that after being signed to Interscope, Interscope offered to and did fund the creation of a record label for Reznor ("Nothing Records"). As to the corporate status of Nothing Records, Reznor is without knowledge or information sufficient to form a belief as to the truth of such allegations and, upon that basis, generally and specifically denies each and every such allegation contained in said paragraph. Reznor admits that, subject to Reznor's claims in this action, Malm owns 50% of Nothing Records. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

20. Answering paragraph 20, misdenominated as paragraph 17, Reznor admits that in or about 1993, JAM further took advantage of his client's valuable intellectual property rights by

suggesting to Reznor a self-dealing transaction whereby JAM and Reznor would form another jointly-owned company and split the profits for merchandising, in lieu of JAM merely commissioning merchandising income received by Reznor from a traditional merchandising company. As to the corporate status of Object, Reznor is without knowledge or information sufficient to form a belief as to the truth of such allegations and, upon that basis, generally and specifically denies each and every such allegation contained in said paragraph. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

21. Answering paragraph 21, misdenominated as paragraph 18, Reznor admits that the album entitled *Downward Spiral* was released in 1994, that NIN toured in 1994 and 1995, that David Bowie was present for part of the tour. Reznor lacks sufficient information at this time to admit or deny whether JAM received all or any part of a proper commission, and on this basis denies the allegation. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

22. Answering paragraph 22, misdenominated as paragraph 19, Reznor admits that Hot Snakes, LLC ("Hot Snakes") bought real property for $400,000 in Louisiana and JAM somehow took 50% ownership of Hot Snakes. As to the corporate status of Hot Snakes and the accountings, Reznor is without knowledge or information sufficient to form a belief as to the truth of such allegations and, upon that basis, generally and specifically denies each and every such allegation contained in said paragraph. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

23. Answering paragraph 23, misdenominated as paragraph 20, Reznor admits that Nothing Interactive, Inc. ("Nothing Interactive") is jointly owned by Reznor and JAM, subject to Reznor's claims in this action. As to the corporate status of Nothing Interactive, Reznor is without knowledge or information sufficient to form a belief as to the truth of such allegations

and, upon that basis, generally and specifically denies each and every such allegation contained in said paragraph. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

24. Answering paragraph 24, misdenominated as paragraph 21, Reznor admits that Nothing Records Limited, Inc. ("NRLI") is jointly owned by Reznor and JAM, subject to Reznor's claims in this action. As to the corporate status of NRLI, Reznor is without knowledge or information sufficient to form a belief as to the truth of such allegations and, upon that basis, generally and specifically denies each and every such allegation contained in said paragraph. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

25. Answering paragraph 25, misdenominated as paragraph 22, Reznor is informed and believes that Halo Holdings, LLC ("Halo Holdings") is jointly owned by Reznor and JAM, subject to Reznor's claims in this action. As to the corporate status of NRLI, Reznor is without knowledge or information sufficient to form a belief as to the truth of such allegations and, upon that basis, generally and specifically denies each and every such allegation contained in said paragraph. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

26. Answering paragraph 26, misdenominated as paragraph 23, Reznor generally and specifically denies the allegations contained in said paragraph.

27. Answering paragraph 27, misdenominated as paragraph 24, Reznor admits he terminated JAM in December 2003 and has not paid him since then, subject to the claims in this action. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

28. Answering paragraph 28, misdenominated as paragraph 25, Reznor generally and specifically denies the allegations contained in said paragraph.

29. Answering paragraph 29, misdenominated as paragraph 26, Reznor generally and specifically denies the allegations contained in said paragraph.

COUNT ONE – DECLARATORY JUDGMENT

30. Answering paragraph 30, misdenominated as paragraph 27, Reznor refers to above paragraphs 1 through 29 inclusive, and by this reference incorporates the same herein as though fully set forth.

31. Answering paragraph 31, misdenominated as paragraph 28, Reznor admits the allegations contained in said paragraph.

32. Answering paragraph 32, misdenominated as paragraph 29, said paragraph does not contain any material averments or factual allegations that need to be admitted or denied, and, on that basis, Reznor generally and specifically denies the allegations contained in said paragraph.

33. Answering paragraph 33, misdenominated as paragraph 30, said paragraph does not contain any material averments or factual allegations that need to be admitted or denied, and, on that basis, Reznor generally and specifically denies the allegations contained in said paragraph.

COUNT TWO – DECLARATORY JUDGMENT

34. Answering paragraph 34, misdenominated as paragraph 31, Reznor refers to above paragraphs 1 through 33 inclusive, and by this reference incorporates the same herein as though fully set forth.

35. Answering paragraph 35, misdenominated as paragraph 32, Reznor admits the allegations contained in said paragraph.

36. Answering paragraph 36, misdenominated as paragraph 33, said paragraph does not contain any material averments or factual allegations that need to be admitted or denied, and, on that basis, Reznor generally and specifically denies the allegations contained in said paragraph.

COUNT THREE – BREACH OF FIDUCIARY DUTY

37. Answering paragraph 37, misdenominated as paragraph 34, Reznor refers to above paragraphs 1 through 36 inclusive, and by this reference incorporates the same herein as though fully set forth.

38. Answering paragraph 38, misdenominated as paragraph 35, Reznor admits that in certain limited respects, he was a fiduciary of JAM. Except as expressly admitted herein, Reznor generally and specifically denies the allegations contained in said paragraph.

39. Answering paragraph 39, misdenominated as paragraph 36, Reznor generally and specifically denies each and every allegation contained in said paragraph.

40. Answering paragraph 40, misdenominated as paragraph 37, Reznor generally and specifically denies each and every allegation contained in said paragraph.

41. Answering paragraph 41, misdenominated as paragraph 38, Reznor generally and specifically denies each and every allegation contained in said paragraph.

COUNT FOUR – BREACH OF CONTRACT

42. Answering paragraph 42, misdenominated as paragraph 39, Reznor refers to above paragraphs 1 through 41 inclusive, and by this reference incorporates the same herein as though fully set forth.

43. Answering paragraph 43, misdenominated as paragraph 40, Reznor generally and specifically denies each and every allegation contained in said paragraph.

44. Answering paragraph 44, misdenominated as paragraph 41, Reznor generally and specifically denies each and every allegation contained in said paragraph.

45. Answering paragraph 45, misdenominated as paragraph 42, Reznor generally and specifically denies each and every such allegation contained in said paragraph.

COUNT FIVE - CONVERSION

46. Answering paragraph 46, misdenominated as paragraph 43, Reznor refers to above paragraphs 1 through 45 inclusive, and by this reference incorporates the same herein as though fully set forth.

47. Answering paragraph 47, misdenominated as paragraph 44, Reznor generally and specifically denies each and every allegation contained in said paragraph.

48. Answering paragraph 48, misdenominated as paragraph 45, Reznor generally and specifically denies each and every allegation contained in said paragraph.

COUNT SIX – DEFAMATION

49. Answering paragraph 49, misdenominated as paragraph 46, Reznor refers to above paragraphs 1 through 48 inclusive, and by this reference incorporates the same herein as though fully set forth.

50. Answering paragraph 50, misdenominated as paragraph 47, Reznor generally and specifically denies each and every allegation contained in said paragraph. JAM provides no reference to any alleged defamatory statements made.

51. Answering paragraph 51, misdenominated as paragraph 48, Reznor generally and specifically denies each and every allegation contained in said paragraph. JAM provides no reference to any alleged defamatory statements made.

52. Answering paragraph 52, misdenominated as paragraph 49, Reznor generally and specifically denies each and every allegation contained in said paragraph.

53. Answering paragraph 53, misdenominated as paragraph 50, Reznor generally and specifically denies each and every allegation contained in said paragraph.

COUNT SEVEN – PROMISSORY ESTOPPEL

54. Answering paragraph 54, misdenominated as paragraph 51, Reznor refers to above paragraphs 1 through 53 inclusive, and by this reference incorporates the same herein as though fully set forth.

55. Answering paragraph 55, misdenominated as paragraph 52, Reznor generally and specifically denies each and every allegation contained in said paragraph on the grounds articulated through his complaint herein.

56. Answering paragraph 56, misdenominated as paragraph 53, Reznor generally and specifically denies each and every allegation contained in said paragraph as articulated on his complaint herein.

57. Answering paragraph 57, misdenominated as paragraph 54, Reznor generally and specifically denies each and every allegation contained in said paragraph.

COUNT EIGHT – UNJUST ENRICHMENT

58. Answering paragraph 58, misdenominated as paragraph 55, Reznor refers to above paragraphs 1 through 57 inclusive, and by this reference incorporates the same herein as though fully set forth.

59. Answering paragraph 59, misdenominated as paragraph 56, Reznor admits that JAM did certain things during their relationship that were beneficial to Reznor. Except as expressly

admitted here, Reznor specifically denies each and every remaining allegation contained in said paragraph.

60. Answering paragraph 60, misdenominated as paragraph 57, Reznor admits that JAM did certain things during their relationship that were beneficial to Reznor. Except as expressly admitted here, Reznor specifically denies each and every remaining allegation contained in said paragraph.

61. Answering paragraph 61, misdenominated as paragraph 58, Reznor generally and specifically denies each and every allegation contained in said paragraph.

FIRST AFFIRMATIVE DEFENSE

62. For a first, separate and affirmative defense to each and every purported claim in the Counterclaim that names Reznor, Reznor alleges that the Counterclaim fails to state facts sufficient to constitute a cause of action against him.

SECOND AFFIRMATIVE DEFENSE

63. For a second, separate and affirmative defense to each and every purported claim in the counterclaim that names Reznor, Reznor alleges the counts in the counterclaim are barred by the applicable statutes of limitations.

THIRD AFFIRMATIVE DEFENSE

64. For a third, separate and affirmative defense to each and every purported claim in the counterclaim that names Reznor, Reznor alleges that JAM is barred by the doctrine of laches from obtaining any relief against him.

FOURTH AFFIRMATIVE DEFENSE

65. For a fourth, separate and affirmative defense to each and every purported claim in the counterclaim that names Reznor, Reznor alleges that JAM is estopped from making any claims or obtaining relief against him.

FIFTH AFFIRMATIVE DEFENSE

66. For a fifth, separate and affirmative defense to each and every purported claim in the counterclaim that names Reznor, Reznor alleges that JAM has waived any claims against him.

SIXTH AFFIRMATIVE DEFENSE

67. For a sixth, separate and affirmative defense to each and every purported claim in the counterclaim that names Reznor, Reznor alleges that JAM's claims are barred by JAM's unclean hands.

SEVENTH AFFIRMATIVE DEFENSE

68. For a seventh, separate and affirmative defense to each and every purported claim in the counterclaim that names Reznor, Reznor alleges that JAM has failed to mitigate his alleged damages, if any.

EIGHTH AFFIRMATIVE DEFENSE

69. For an eighth separate and affirmative defense to each and every purported claim in the counterclaim that names Reznor, Reznor alleges that all or a portion of JAM's alleged damages, if any, were proximately caused and contributed to by JAM's own negligence or wrongful conduct.

NINTH AFFIRMATIVE DEFENSE

70. For a ninth, separate and affirmative defense to each and every purported claim in the counterclaim that names Reznor, Reznor alleges that all or a portion of JAM's alleged damages,

if any, were proximately caused and contributed to by the conduct of persons other than Reznor. Reznor contends that any liability to JAM should be borne by said third parties or entities.

TENTH AFFIRMATIVE DEFENSE

71. For a tenth, separate and affirmative defense to each and every purported claim in the counterclaim that names Reznor, Reznor alleges that any performance Reznor may have been obligated to render has been excused by JAM's conduct.

ELEVENTH AFFIRMATIVE DEFENSE

72. For an eleventh, separate and affirmative defense to each and every purported claim in the counterclaim that names Reznor, any action or decision JAM made was made as a result of JAM’s own judgment and investigation and not as a result of reliance on any act, statement or information furnished by Reznor, or anyone, for whose acts Reznor could be held liable.

TWELFTH AFFIRMATIVE DEFENSE

73. For a twelfth, separate and affirmative defense to each and every purported claim in the counterclaim that names Reznor, Reznor incorporates by reference each and every allegation contained in his complaint which is on file herein, as though set forth in full herein to the extent such allegations give rise to and support any affirmative defense.

WHEREFORE, Reznor prays for the following relief:

1. That JAM takes nothing by reason of counterclaim;
2. That judgment be entered in favor of Reznor and against JAM;
3. For costs of suit incurred herein; and
4. For such other and further relief as this Court may deem just and proper.

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, counterdefendant Michael Trent Reznor hereby demands trial by jury on the Counterclaim.

Dated: September 8, 2004

KATTEN MUCHIN ZAVIS ROSENMAN

By: /s/ Zia F. Modabber
Zia F. Modabber (ZM-6589)
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4400

Attorneys for Plaintiff and Counterdefendant
Michael Trent Reznor

and

KATTEN MUCHIN ZAVIS ROSENMAN
Steven Shiffman (SS-3630)
575 Madison Avenue
New York, New York 10022
(212) 940-8800

Attorneys for Plaintiff and Counterdefendant
Michael Trent Reznor