UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MICHAEL TRENT REZNOR, an individual,

Plaintiff,

-against-

J. ARTIST MANAGEMENT, INC., an Ohio Corporation and JOHN A. MALM, JR., an individual,

Defendants.

Case No. 04CIV3808(JSR)

---------------------------------------------------------------x

**DEFENDANTS' BENCH BRIEF REGARDING ACCCRUAL OF CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY CLAIM AND IDENTIFICATION OF PROPERTY FOR CONVERSION CLAIM**

Alan N. Hirth (0021953) (admitted *pro hac vice*)
Debra J. Horn (0037386) (admitted *pro hac vice*)
Kennee B. Switzer (0039919) (admitted *pro hac vice*)
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Boulevard, Suite 500
Cleveland, Ohio 44122
(216) 831-0042

Thomas M. Lopez (2699)
ESANU KATSKY KORINS & SIGER, LLP
605 Third Avenue
New York, NY 10158
(212) 953-6000

Attorneys for Defendants John A. Malm, Jr. and J. Artist Management, Inc.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

I. Reznor's Conversion Claim Related To Monies Owed Does Not Involve Identifiable Personal Property ........ 1

II. Accrual of Breach of Fiduciary Duty Cause of Action........ 2

- A. Signing of the 1989 Management Agreement ........ 3
- B. Trademarks ........ 3
- C. Joint Ownership Of Companies ........ 4
- D. Loans to Nothing Records, Inc. and Nothing Records Ltd. Inc. ........ 5
- E. Failure to Pay Royalties ........ 5

III. CONCLUSION........ 6

CERTIFICATE OF SERVICE ........ 7

# TABLE OF AUTHORITIES

*Cases*

*Haul Transp. v. Morgan*, 1995 Ohio App. LEXIS 2240 (Montgomery Cty. 1995) .................. 1, 2

*Helman v. EPL Prolong, Inc.*, 139 Ohio App. 3d 231, 249, 743 N.E.2d 484, 497-98 (2000) .......... 3

*Herbert v. Banc One Brokerage Corp.*, 93 Ohio App. 3d 271, 275, 638 N.E. 2d 161, 164 (1994) .......... 3

*Investors REIT One. v. Jacobs*, 46 Ohio St. 3d 176, 181, 546 N.E.2d 206, 211 (1989) .......... 3

*Jim Brown Chevrolet, Inc. v. S.R. Snodgrass*, 141 Ohio App. 3d 583, 587, 752 N.E.2d 335, 338 (2001) .......... 2

*McWeeney v. McWeeney*, 255 B.R. 3, 6 (S.D. Ohio 2000) .......... 1

*NPF IV v. Transitional Health Servs.*, 922 F. Supp. 77, 81 (S.D. Ohio 1996) .......... 1

*Statutes*

C.P.L.R. § 202 .......... 6

N.Y. C.P.L.R. § 214(4) .......... 6

Ohio Rev. Code 2305.09(D) .......... 3

Pursuant to this Court's directive on May 16, 2005, Defendants, J. Artist Management, Inc. ("JAM") and John A. Malm, Jr. ("Malm"), hereby submit the following Bench Brief on the following issues raised: (1) what is the personal property that is alleged to be converted and can it be specifically identified under Ohio law and (2) when and where the claims accrued for Reznor's breach of fiduciary duty cause of action.

As discussed below, Reznor's conversion claim with respect to monies owed to him does not involve specifically identifiable personal property under Ohio law. Second, his claims of breach of fiduciary duty accrued in Ohio.

## I. Reznor's Conversion Claim Related To Monies Owed Does Not Involve Identifiable Personal Property

In Ohio, the standard for proving conversion of money is an exacting one. A plaintiff must demonstrate that the defendant owes an obligation to deliver "identical" money as opposed to a certain sum of money. *McWeeney v. McWeeney*, 255 B.R. 3, 6 (S.D. Ohio 2000). As the court in *Haul Transp. v. Morgan*, 1995 Ohio App. LEXIS 2240 (Montgomery Cty. 1995), held, an action for conversion of money will only lie "if identification is possible and there is an obligation to deliver the specific money in question." Further, the *Haul* court stated:

> An action alleging conversion of cash lies only where the money involved is "earmarked" or is specific money capable of identification, e.g., money in a bag, coins or notes that have been entrusted to the defendant's care, or funds that have otherwise been sequestered, and where there is an obligation to keep intact and deliver this specific money rather than to merely deliver a certain sum.

*See also NPF IV v. Transitional Health Servs.*, 922 F. Supp. 77, 81 (S.D. Ohio 1996) (citations omitted) (conversion claims for monies allowed where the funds in question were specific or sequestered, identifiable monies or funds entrusted to the defendant's care for a specific purpose).

The only monies that could be applicable to Reznor's conversion claim are funds that were maintained in bank accounts in Reznor's name. The testimony to be offered at trial will establish that these bank accounts were located in Cleveland, Ohio. They were set up to receive monies owed to Reznor and to pay bills incurred by Reznor. The amount of monies in these accounts fluctuated on a daily basis. The monies received came from a variety of sources. The funds were not sequestered or entrusted to JAM's or Malm's care for a specific purpose. Instead, it was under the auspices of Nothing Records, Inc., that any monies were received or disbursed from these accounts. It was Nothing Records, Inc. that provided accounting functions for Reznor, individually, not JAM or Malm.

Additionally, Reznor's monthly credit card charges, substantial in amount, were deducted from these accounts. Consequently, Reznor had some control over the monies that flowed into and out of these general accounts based on his unfettered ability to incur charges on his credit cards.

Therefore, under Ohio law, the "property" subject to Reznor's conversion claim is not identifiable, personal property that was sequestered in any fashion but rather comprises monies Reznor claims are due and owing to him from Nothing Records, Inc. and Nothing Records Ltd., Inc. Under Ohio law, such an action cannot be maintained as it creates merely a debtor-creditor relationship. *See Haul Transp. v. Morgan*, 1995 Ohio App. LEXIS 2240 (Montgomery Cty. 1995).

## II. <u>Accrual of Breach of Fiduciary Duty Cause of Action</u>

Ohio's statute of limitations for breach of fiduciary is four years after the cause of action accrues. *Jim Brown Chevrolet, Inc. v. S.R. Snodgrass*, 141 Ohio App. 3d 583, 587, 752 N.E.2d 335, 338 (2001); *Herbert v. Banc One Brokerage Corp.*, 93 Ohio App. 3d 271, 275, 638 N.E. 2d

161, 164 (1994). A cause of action for breach of fiduciary duty arises when the act or commission constituting the breach of fiduciary duty occurs. Ohio Rev. Code 2305.09(D); *Investors REIT One. v. Jacobs*, 46 Ohio St. 3d 176, 181, 546 N.E.2d 206, 211 (1989); *Helman v. EPL Prolong, Inc.*, 139 Ohio App. 3d 231, 249, 743 N.E.2d 484, 497-98 (2000).

The following allegations form the basis of Reznor's breach of fiduciary duty claim as set forth by Reznor in the Joint Pre-Trial Consent Order (pages 25-26 and 27-28):

**A. Signing Of the 1989 Management Agreement**

Prior to the effective date of the 1989 Management Agreement, it is undisputed that both Reznor and Malm lived in Ohio. JAM was incorporated in 1985 in Ohio and located in Ohio at all times. Further, both Reznor and Malm lived in Ohio at the time they signed the 1989 Agreement and the Agreement was actually executed in Ohio. Thus, action giving rise to a breach of fiduciary duty with respect to the 1989 Agreement would have accrued in Ohio. Consequently, any claims by Reznor for breach of fiduciary duty that arises out of the 1989 Agreement are governed by the Ohio statute of limitations and are time-barred.

**B. Trademarks**

Reznor claims that JAM breached unspecified fiduciary duties to Reznor by virtue of JAM taking a 50% ownership in certain NIN trademarks. It is undisputed that applications for the NIN trademarks were filed in both Reznor's and JAM's names on July 20, 1993 and March 19, 1998. The applications were prepared in Ohio by Ohio attorneys. Malm, on behalf of JAM, signed the applications in Ohio. There is no clear testimony as to where Reznor signed the applications. Any monetary benefits derived from owning the trademarks (through the sale of NIN merchandize through the jointly owned company, Object), occurred in Ohio where Object was located and the bank account receiving the monies was located. Thus, any claims by Reznor

for breach of fiduciary duty that arise out of JAM receiving a 50% interest in the trademarks accrued in Ohio.

### C. Ownership of the Jointly Owned Companies

Reznor claims that Malm breached fiduciary duties "improperly taking a 50% ownership interest" in several companies with Reznor. (Pre-Trial Consent Order, p. 25). The undisputed evidence is that Reznor and Malm, individually, each owned a 50% interest in the following companies: Nothing Records, Inc. (incorporated in 1993), Nothing Records Limited, Inc. (incorporated in 1997), Nothing Interactive (incorporated in 1995), J. Artist Management Merchandize, Inc. (incorporated in 1993) and Hot Snakes, LLC (formed in 1995). All of these jointly owned companies were incorporated or formed in Ohio by Ohio attorneys. One of the companies, Hot Snakes, specifically states that Ohio law applies to it. (Plaintiff's Exh. 49). All of the companies had as their principal place of business in Ohio.

Any injury suffered by virtue of any alleged breach of fiduciary duty by Malm would have occurred in Ohio, the location of the finances, bank accounts and incorporations of all of these companies. At the time of the alleged breach, which Reznor claims is the act of taking the 50% ownership, Malm was in Ohio. It is unclear where Reznor was located. He testified that for periods of time, he was on tour.

Based upon Reznor's claim that the breach was the wrongful taking of the 50% ownership at the time of formation of the jointly owned companies, the accrual of the claim would have occurred in Ohio. The Ohio statute of limitations would therefore apply to any breach of fiduciary duty claim against Malm with respect to the formation of the jointly owned companies.

**D. Loans to Nothing Records and Nothing Records Ltd.**

The loans to Nothing Records and Nothings Records Ltd. began to occur in approximately 1998 and continued into 2003. During that entire time, Malm and JAM resided in Ohio. The funds that were used to make the loans to these companies were from Reznor's accounts located in Ohio. The corporations that received the loans were headquartered in Ohio and were Ohio corporations. It is unclear where Reznor was during this time although he testified that for the 2000-2001 time frame, he was on tour throughout the world.

Again, any alleged breach of fiduciary duty accrued in Ohio, the place of the alleged harm and the site of the acts giving rise to Reznor's claim, which he states related to the "diverting" of monies and the fact that they were "book[ed] as loans." (Pre-Trial Consent Order, p. 26).

**E. Failure to Pay Royalties from Object**

Reznor claims that Malm breached fiduciary duties by taking a one-half ownership interest in Object and failing to pay Reznor royalties. Again, this claim could have arisen at the time that Object was going to be formed, 1993. At that time, Malm was living in Ohio. Object was incorporated as an Ohio company, operated solely in Ohio, and its bank account (which received the monies from the sale of NIN merchandize) was located in Ohio. It is unclear where Reznor resided during this time frame.

Any alleged breach of fiduciary duty accrued in Ohio, the place of the alleged harm and the site of the acts giving rise to Reznor's claim, which he states related to the act of "taking half ownership of the company" and "failing and refusing to pay Reznor any royalties." (Pre-Trial Consent Order, p. 26).

## III. CONCLUSION

For the reasons and authorities set forth herein, Reznor's conversion claims for money do not satisfy the elements of conversion under Ohio law. Additionally, Ohio's statute of limitations should be applied to Reznor's breach of fiduciary duty claims against JAM and Malm that arose prior to May 18, 2000[1] given that the causes of action giving rise to these claims accrued in Ohio.

Respectfully submitted,

Dated: May 17, 2005

By: */s/ Debra J. Horn*

Alan N. Hirth (0021953)
Debra J. Horn (0037386)
Kennee B. Switzer (0039919)
MEYERS, ROMAN, FRIEDBERG & LEWIS
28601 Chagrin Boulevard, Suite 500
Cleveland, Ohio 44122
(216) 831-0042

Thomas M. Lopez (2699)
ESANU KATSKY KORINS & SIGER, LLP
605 Third Avenue
New York, NY 10158
(212) 953-6000

Attorneys for Defendants John A. Malm, Jr. and J. Artist Management, Inc.

[1] The same analysis under C.P.L.R. § 202 also requires that the New York statute of limitations be applied for breaches of fiduciary duty claims seeking damages that arose after May 18, 2000, if such claims were known (or should have been known) by Reznor. The three-year limitations period under N.Y. C.P.L.R. § 214(4) is shorter than Ohio's four-year limitations period.

**CERTIFICATE OF SERVICE**

I hereby certify that on May 17, 2005, the foregoing was filed via the Court's electronic filing system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

By: */s/ Debra J. Horn*
Debra J. Horn (0037386)