**KattenMuchinRosenman LLP**

575 Madison Avenue
New York, NY 10022-2585
212.940.8800 tel
212.940.8776 fax

**Steven Shiffman**
steven.shiffman@kattenlaw.com
212.940.6785 direct
212.894.5785 fax

June 2, 2005

**VIA FACSIMILE**

Hon. Jed S. Rakoff
United States District Judge
United States Courthouse
500 Pearl Street, Room 1340
New York, New York 10007

Re: Reznor v. J. Artist Management, Inc., 04 Civ. 3808 (JSR)

Dear Judge Rakoff:

Pursuant to Your Honor's direction, we are submitting this letter brief concerning the calculation of prejudgment interest on the jury's award of damages in the above-referenced matter.

**Plaintiff's Right to Prejudgment Interest**

The award of prejudgment interest is a substantive issue that is governed by state law in diversity cases. See, e.g., Terwilliger v. Terwilliger, 206 F.3d 240, 249 (2d Cir. 2000). Pursuant to New York law,[1] prejudgment interest is normally recoverable as a matter of right. See id. Thus, CPLR § 5001(a) provides: "[i]nterest ***shall*** be recoverable upon a sum awarded because of

[1] Defendants concede that New York law applies to plaintiff's claims for fraud, breach of fiduciary duty, and breach of contract. (See Defs.' Mem. Regarding Applicable Choice of Law for Plaintiff's Tort Claims at 1 ("Defs.' Choice of Law Mem."); Summary Judgment Decision at 16; Defs.' Mem. of Law in Support of Motion for Summary Judgment on Behalf of Defendants [Malm and JAM] at 10-12, 17). (The Court ruled that Ohio's statute of limitations barred plaintiff's breach of fiduciary claims from 1989 under CPLR § 202. However, CPLR § 202 entails a different analysis than the choice of law analysis and, in any event, the breach of fiduciary duty claims from 1989 were not submitted to the jury.) The parties disagree on whether the conversion claims are governed by New York law, (see Defs.' Choice of Law Mem. at 4; Pl.'s Mem. of Law in Opp'n to Defs.' Mem. Regarding Applicable Choice of Law for Plaintiff's Tort Claims at 4-5), but this dispute should not affect the calculation of interest since Ohio law also provides for the imposition of prejudgment interest on conversion claims. See Persky, Shapiro, Salim, Esper, Arnoff & Nolfi Co., L.P.A. v. Guyuron, M.D., No. 77249, 2000 WL 1867407, at *8 - *10 (Ohio Ct. App. Dec. 14, 2000) (noting that although "Ohio common law did not allow prejudgment interest in civil actions based on tortious conduct, an action in conversion was a well-established exception to the rule" and that this exception was not pre-empted by the statutory provisions regarding prejudgment interest); see, e.g., Wozniak v. Wozniak, 90 Ohio App.3d 400, 412 (Ohio Ct. App. 1993) (general rule is that prejudgment interest should be computed from the date of the conversion); Geraldo v. First Dominion Mut. Life Ins. Co., No. L-01-1210, 2002 WL 31002770, at *8 (Ohio Ct. App. Sept. 6, 2002).

breach of performance of a contract, or because an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion." (emphasis added). CPLR § 5001(a) "imposes an affirmative mandate on trial courts; they have no discretion not to award prejudgment interest under New York law." Gussack Realty Co. v. Xerox Corp., 224 F.3d 85, 93 (2d Cir. 2000).

Prejudgment interest is not only recoverable on plaintiff's claims for breach of contract and conversion, but is also recoverable on the claims for money damages on the fraud and breach of fiduciary duty claims. See, e.g., Mallis v. Bankers Trust Co., 717 F.2d 683, 694-95 (2d Cir. 1983) (under New York law, a plaintiff who is victorious on tort claims for "pecuniary damage to tangible or intangible property interests" is entitled to prejudgment interest as a matter of right); Capital District Physician's Health Plan v. O'Higgins, 951 F. Supp. 352, 367 (N.D.N.Y. 1997) ("[t]he consensus of federal courts interpreting New York law is that actions for breach of fiduciary duty fall in the category for which prejudgment interest is a matter of right"), vacated pursuant to settlement agreement, 1998 WL 34083619 (N.D.N.Y. Jan 08, 1998); Quintel Corp. N.V. v. Citibank, N.A., 606 F. Supp. 898, 913-14 (S.D.N.Y. 1985) (a plaintiff may recover prejudgment interest on claims for fraud and breach of fiduciary duty as a matter of right).

**The Computation of Prejudgment Interest**

While interest is normally computed from the "earliest ascertainable date the cause of action existed," CPLR § 5001(b), "[w]here such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." See; Pro-Specialties, Inc. v. Thomas Funding Corp., 812 F.2d 797, 800 (2d Cir. 1987); Thalle Constr. Co. v. Whiting Turner Contracting Co., 945 F. Supp. 652, 655 (S.D.N.Y. 1996) (Rakoff, J.). Moreover, "[w]here an undifferentiated verdict makes it 'impossible to discern which of the costs formed the basis of the award,' prejudgment interest may be calculated within the range of the court's discretion to 'roughly and fairly' compensate the plaintiff." Morse/Diesel, Inc. v. Trinity Indus., 67 F.3d 435, 445 (2d Cir. 1995) (applying N.Y. law).

In the present case, it is impossible to tell from the verdict alone how the jury allocated damages to the various claims brought by plaintiff. Since plaintiff's claims for damages covered the period from 1994 through the end of 2003, (see Exhibits 285, 286 and 289C, copies of which are annexed hereto as Exhibits A, B, and C, respectively), a reasonable method of calculating interest would be to select the midway point in this period, and to calculate interest from that point to the present. See CPLR § 5001(b) (when damages occur over a period of time, interest may be calculated "upon all of the damages from a single reasonable intermediate date"). In this case, January 1, 1999 is the midway point of the period over which plaintiff's damages were incurred and thus is a reasonable intermediate date. See, e.g., Pro-Specialties, Inc., 812 F.2d at 800 (use of date in the middle of possible range of dates was appropriate); Thalle Constr., 945 F. Supp. at 654 (calculating interest from March 1, 1998 because it was a reasonable intermediate date between official completion date of May 31, 1987 and actual completion date of November 30, 1988). Calculating interest on the jury's award of $2,927,212 from January 1, 1999 through

June 2, 2005 results in plaintiff being entitled to prejudgment interest in the amount of $1,691,126.4.[2]

**Plaintiff's Proposed Alternative Method of Calculation**

While the jury's verdict alone does not indicate how the jury derived the total damage amount due plaintiff, from a review of the jury's handwritten notations on Plaintiff's Exhibit 289C, a reasonable interpretation of how the jury allocated damages can be determined. Plaintiff realizes that this alternative methodology is based on materials that are outside the record before the Court. However, since it appears to be in accord with what the jury actually did, we believe it may be an appropriate alternative method by which prejudgment interest can be calculated.

Plaintiff's Exhibit 289C, which summarizes the damages plaintiff sought at trial, did not have any handwriting on it before it was submitted to the jury, but when the exhibits were received back by plaintiff at the end of the jury's deliberations, there were certain handwritten annotations on the document. (A copy of the exhibit, with those annotations, is annexed hereto as Exhibit C.) Adding up the figures of Exhibit 289C, as modified by the jury's handwritten notations, results in damages in the exact amount awarded by the jury, $2,927,212.

Thus, it appears that the jury determined that defendants were due a credit of $69,166 for unpaid commissions as set forth in line 1 of 289C (using a 20% commission), and that Mr. Reznor was due $1,010,067 for overpaid commissions (line 2, also using a 20% commission). In this regard, there are check marks next to both of these figures on Exhibit 289C. With respect to merchandise royalties (line 4), the jury wrote in the figure $825,000. The jury put a check mark next to the $158,000 figure for the tax benefits due to Mr. Reznor (line 5). The jury then wrote in $1,003,311.5 next to the figure for the amount due Mr. Reznor as a result of the loans to the jointly-held entities. This amount is exactly one-half the amount of the loans once the interest calculations on Exhibit 289C are deducted. (See Exhibit 286).

If the damages are allocated pursuant to the handwritten notations on Plaintiff's Exhibit 289C, as set forth below, plaintiff should be awarded prejudgment interest in the amount of $1,785,093.00, which breaks down as follows:

Tour Income

The Fragility Tour took place in 1999 and 2000 and Plaintiff respectfully submits that prejudgment interest should run from January 1, 2000. Accordingly, prejudgment interest of $492,635.97 should be awarded on the $1,010,067 that was apparently awarded to plaintiff with respect to the overpayment of commissions on the Fragility Tour. (Schedule 1, attached hereto as Exhibit D.)

---

[2] This figure is computed by multiplying the jury award of $2,927,212 by .09, which results in yearly interest due of $263,449.08. To reach the total amount due, we applied this amount for each of the years 1999 through 2004, and then applied it pro rata through June 2, 2005 (with interest for 2005 totaling $110,432.07).

Merchandise Royalties

Plaintiff was apparently awarded $825,000 with respect to merchandise royalties. Applying this amount on a pro rata basis over the merchandising income earned by year and detailed by plaintiff's expert Wayne Coleman (Trial Exhibit 285), prejudgment interest totals 658,489.66. (Schedule 2, attached hereto as Exhibit E.)

Lost Tax Benefits

The tax loss to Mr. Reznor resulted from studio recording equipment purchased in approximately 1995. Calculating prejudgment interest beginning December 31, 1999 results in prejudgment interest of $91,280.71.[3] (Schedule 3, attached hereto as Exhibit F.)

Loans

The jury apparently awarded Mr. Reznor damages of $1,003,311.50 on the loans made to the jointly-owned companies. This figure is exactly half the amount sought by Mr. Reznor. Plaintiff had prepared a schedule detailing the amount of loans made in each quarter beginning in 1995 (Plaintiff's Exhibit 286). To calculate the prejudgment interest due on these amounts, we reduced the amounts due by half, and then computed 9% simple interest on an annual basis from the dates on the schedule. The amount of prejudgment interest due to Mr. Reznor with respect to the loans is $542,686.42.00. (Schedule 4, attached hereto as Exhibit G.)

JAM's Underpayment of Commissions

We submit that JAM is not entitled to any prejudgment interest on his underpayment (to himself) of commissions. The jury found no liability, the amounts owed were deducted from Reznor's recovery and JAM itself is responsible for the underpayment, not Reznor, as JAM simply did not pay certain commissions when due.

However, if the Court is inclined to award JAM prejudgment interest on his $69,166 commission, the amount is $39,959.00, which would be deducted from the interest payable to Reznor. (Schedule 5, attached hereto as Exhibit H). This would result in a total of $1,745,134.00 in prejudgment interest to Reznor.

Respectfully submitted,

Steven Shiffman

cc: Alan N. Hirth, Esq. (by e-mail)

---

[3] We used a date near the end of the period when the depreciation could have been taken, even though Mr. Reznor would have incurred losses throughout the whole period.

# EXHIBIT A

PLAINTIFF'S EXHIBIT
285
TRIAL
tabbies

Schedule

Michael Trent Reznor v. John A. Malm, Jr., et al

Schedule of Artist Royalties on Merchandising Income Using Royalty Rates From 15% to 40%

| Calculation of NIN Gross Royalties | 1994 | 1995 | 1996 | 1997 | 1998 | 1999 | 2000 | 2001 | 2002 | Jun-03 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| l Gross Revenue Per Schedule 3a | $ 4,838,948 | $ 4,641,584 | $ 2,248,105 | $ 1,483,324 | $ 970,127 | $ 1,268,055 | $ 2,405,032 | $ 675,965 | $ 646,651 | $ 124,617 | $ 19,282,366 |
| yalty 15% of Gross Revenue (1) | $ 725,842 | $ 696,238 | $ 337,216 | $ 222,499 | $ 145,519 | $ 188,258 | $ 360,755 | $ 101,395 | $ 96,996 | $ 18,193 | $ 2,893,408 |
| yalty 40% of Gross Revenue (2) | $ 1,935,579 | $ 1,856,633 | $ 899,242 | $ 593,330 | $ 388,051 | $ 502,022 | $ 962,013 | $ 270,386 | $ 258,453 | $ 49,847 | $ 7,716,755 |
| yalty (starting) 30% of Gross Revenue(3) | $ 1,451,684 | $ 1,392,475 | $ 674,432 | $ 444,997 | $ 291,038 | $ 502,022 | $ 962,013 | $ 270,386 | $ 258,453 | $ 49,847 | $ 6,297,647 |
| yalty (starting) 25% of Gross Revenue (4) | $ 1,209,737 | $ 1,160,396 | $ 674,432 | $ 444,997 | $ 291,038 | $ 502,022 | $ 962,013 | $ 270,386 | $ 258,853 | $ 49,847 | $ 5,823,520 |
| ~~yalty (starting) 15% of Gross Revenue (5)~~ | ~~$ 725,842~~ | ~~$ 596,238~~ | ~~$ 562,026~~ | ~~$ 370,831~~ | ~~$ 291,038~~ | ~~$ 375,516~~ | $ 962,013 | ~~$ 270,386~~ | ~~$ 258,453~~ | ~~$ 49,847~~ | ~~$ 4,568,390~~ |

15% royalty from 1994 / 2003
40% royalty from 1994 / 2003
30% royalty from 1994 / 1998 40% 1999 / 2003
25% royalty from 1994 / 1995 30% 1996 / 1998 40% 1999 / 2003
15% royalty from 1994 / 1995 25% 1996 / 1997 30% 1998 / 1999 40% 2000 / 2003

Schedule 7a

PLAINTIFF'S EXHIBIT 285 A TRIAL

Michael Trent Reznor v. John A. Malm, Jr., et al

Schedule of Artist Royalties on Merchandising Income Using Royalty Rates of 40%

| Year | Artist Royalty @40% | Commissions to JAM @20% | Commissions to JAM @15% |
|---|---|---|---|
| 1989 | $ - | $ - | $ - |
| 1990 | - | - | - |
| 1991 | - | - | - |
| 1992 | - | - | - |
| 1993 | - | - | - |
| 1994 | 1,935,579 | 387,116 | 290,337 |
| 1995 | 1,856,633 | 371,327 | 278,495 |
| 1996 | 899,242 | 179,848 | 134,886 |
| 1997 | 593,330 | 118,666 | 88,999 |
| 1998 | 388,051 | 77,610 | 58,208 |
| 1999 | 502,022 | 100,404 | 75,303 |
| 2000 | 962,013 | 192,403 | 144,302 |
| 2001 | 270,386 | 54,077 | 40,558 |
| 2002 | 258,653 | 51,731 | 38,798 |
| 2003 | 49,847 | 9,969 | 7,477 |
| **Totals** | $ 7,715,755 | $ 1,543,151 | $ 1,157,363 |
| Net Of Commission | | 6,172,604 | 6,558,392 |
| Less Payment | | (2,214,994) | (2,214,994) |
| **Balance Payable** | | $ 3,957,610 | $ 4,343,398 |

Schedule 7b

PLAINTIFF'S EXHIBIT 285 B TRIAL

Michael Trent Reznor v. John A. Malm, Jr., et al

Schedule of Artist Royalties on Merchandising Income Using Royalty Rates of 30%

| Year | Artist Royalty @30% / 40% | Commissions to JAM @20% | Commissions to JAM @15% |
|---|---|---|---|
| 1989 | $ - | $ - | $ - |
| 1990 | - | - | - |
| 1991 | - | - | - |
| 1992 | - | - | - |
| 1993 | - | - | - |
| 1994 | 1,451,684 | 290,337 | 217,753 |
| 1995 | 1,392,475 | 278,495 | 208,871 |
| 1996 | 674,432 | 134,886 | 101,165 |
| 1997 | 444,997 | 88,999 | 66,750 |
| 1998 | 291,038 | 58,208 | 43,656 |
| 1999 | 502,022 | 100,404 | 75,303 |
| 2000 | 962,013 | 192,403 | 144,302 |
| 2001 | 270,386 | 54,077 | 40,558 |
| 2002 | 258,653 | 51,731 | 38,798 |
| 2003 | 49,847 | 9,969 | 7,477 |
| **Totals** | $ 6,297,547 | $ 1,259,509 | $ 944,632 |
| Net Of Commission | | 5,038,037 | 5,352,915 |
| Less Payment | | (2,214,994) | (2,214,994) |
| **Balance Payable** | | $ 2,823,043 | $ 3,137,921 |

Schedule 7c

PLAINTIFF'S EXHIBIT 285 C TRIAL

Michael Trent Reznor v. John A. Malm, Jr., et al

Schedule of Artist Royalties on Merchandising Income Using Royalty Rates of 25%

| Year | Artist Royalty @25% / 40% | Commissions to JAM @20% | Commissions to JAM @15% |
|---|---|---|---|
| 1989 | $ - | $ - | $ - |
| 1990 | - | - | - |
| 1991 | - | - | - |
| 1992 | - | - | - |
| 1993 | - | - | - |
| 1994 | 1,209,737 | 241,947 | 181,461 |
| 1995 | 1,160,396 | 232,079 | 174,059 |
| 1996 | 674,432 | 134,886 | 101,165 |
| 1997 | 444,997 | 88,999 | 66,750 |
| 1998 | 291,038 | 58,208 | 43,656 |
| 1999 | 502,022 | 100,404 | 75,303 |
| 2000 | 962,013 | 192,403 | 144,302 |
| 2001 | 270,386 | 54,077 | 40,558 |
| 2002 | 258,653 | 51,731 | 38,798 |
| 2003 | 49,847 | 9,969 | 7,477 |
| **Totals** | $ 5,823,520 | $ 1,164,704 | $ 873,528 |
| Net Of Commission | | 4,658,816 | 4,949,992 |
| Less Payment | | (2,214,994) | (2,214,994) |
| **Balance Payable** | | $ 2,443,822 | $ 2,734,998 |

Schedule 7d

PLAINTIFF'S EXHIBIT 285 D TRIAL

Michael Trent Reznor v. John A. Malm, Jr., et al

Schedule of Artist Royalties on Merchandising Income Using Royalty Rates of 15%

| Year | Artist Royalty @15% / 40% | Commissions to JAM @20% | Commissions to JAM @15% |
|---|---|---|---|
| 1989 | $ - | $ - | $ - |
| 1990 | - | - | - |
| 1991 | - | - | - |
| 1992 | - | - | - |
| 1993 | - | - | - |
| 1994 | 725,842 | 145,168 | 108,876 |
| 1995 | 696,238 | 139,248 | 104,436 |
| 1996 | 562,026 | 112,405 | 84,304 |
| 1997 | 370,831 | 74,166 | 55,625 |
| 1998 | 291,038 | 58,208 | 43,656 |
| 1999 | 376,516 | 75,303 | 56,477 |
| 2000 | 962,013 | 192,403 | 144,302 |
| 2001 | 270,386 | 54,077 | 40,558 |
| 2002 | 258,653 | 51,731 | 38,798 |
| 2003 | 49,847 | 9,969 | 7,477 |
| **Totals** | **$ 4,563,390** | **$ 912,678** | **$ 684,508** |
| Net Of Commission | | 3,650,712 | 3,878,881 |
| Less Payment | | (2,214,994) | (2,214,994) |
| **Balance Payable** | | **$ 1,435,718** | **$ 1,663,887** |

# EXHIBIT B

Schedule 8

Michael Trent Reznor v. John A. Malm, Jr. Et. Al.
( Without Hot Snakes )
Loans to Jointly Owned Entities

| Period Ended | Total |
|---|---|
| 03/31/95 | $ 125,112.75 |
| 06/30/95 | 125,112.75 |
| 09/30/95 | 125,112.75 |
| 12/31/95 | 125,112.75 |
| 03/31/96 | (11,244.50) |
| 06/30/96 | (11,244.50) |
| 09/30/96 | (11,244.50) |
| 12/31/96 | (11,244.50) |
| 03/31/97 | 50,060.25 |
| 06/30/97 | 50,060.25 |
| 09/30/97 | 50,060.25 |
| 12/31/97 | 50,060.25 |
| 03/31/98 | 10,841.00 |
| 06/30/98 | 10,841.00 |
| 09/30/98 | 10,841.00 |
| 12/31/98 | 10,841.00 |
| 03/31/99 | (52,593.25) |
| 06/30/99 | (52,593.25) |
| 09/30/99 | (52,593.25) |
| 12/31/99 | (52,593.25) |
| 03/31/00 | 173,619.75 |
| 06/30/00 | 173,619.75 |
| 09/30/00 | 173,619.75 |
| 12/31/00 | 173,619.75 |
| 03/31/01 | 30,079.25 |
| 06/30/01 | 30,079.25 |
| 09/30/01 | 30,079.25 |
| 12/31/01 | 30,079.25 |
| 03/31/02 | 153,928.00 |
| 06/30/02 | 153,928.00 |
| 09/30/02 | 153,928.00 |
| 12/31/02 | 153,928.00 |
| 03/31/03 | 21,852.50 |
| 06/30/03 | 21,852.50 |
| 09/11/03 | 21,852.50 |
| 12/31/03 | 21,852.50 |
| 03/31/04 | - |
| 06/30/04 | - |
| 09/30/04 | - |
| | $ 2,006,623.00 |

Total Amount Due - Net of John A. Malm, Jr. Loans $ 2,006,623.00

PLAINTIFF'S EXHIBIT 286

# EXHIBIT C

Schedule 9

Michael Trent Reznor v. John A. Malm, Jr. Et. Al.
( Without Hot Snakes )
Schedule of Amounts Due Michael Trent Reznor

| | Description | Schedule | 15% | | 20% | |
|---|---|---|---|---|---|---|
| 1) | Management Commission | 1 | $ 1,834 | $ 1,834 | $ (69,166) | $ (69,166) |
| 2) | Tour Income | 2 | 1,242,067 | 1,242,067 | 1,010,067 | 1,010,067 |
| 3) | Merchandise Net Profit (included in 4) | | -0- | -0- | -0- | -0- |
| 4) | Merchandise Royalties - Net of Commissions and Profits | 5, 6, 7, 7a, 7b, 7c, 7d | 1,663,887 | 4,343,398 | 1,435,718 | 3,957,810 |
| 5) | Tax Benefits Lost Due Reznor | | 158,000 | 158,000 | 158,000 | 158,000 |
| 6) | Jointly Owned Companies Net Profit | | TBD | | TBD | |
| 7) | Loans to Companies plus Interest | 8 | 2,903,421 | 2,903,421 | 2,903,421 | 2,903,421 |
| 8) | Jointly Owned Companies | | TBD | | TBD | |
| 9) | Jointly Owned Trademark | | TBD | | TBD | |
| 10) | Interscope Settlement | | TBD | | TBD | |
| 11) | Interest on Amount Due | | TBD | | TBD | |
| | Total | | $ 5,969,209 to | $ 8,648,720 | $ 5,438,039 to | $ 7,959,832 |

940,941
825,400
1003311.50
1,003,311.50

PLAINTIFF'S EXHIBIT

# EXHIBIT D

Schedule 1

Michael Trent Reznor v. John A. Malm, Jr. Et. Al.
9% Simple
Tour Commission

| Period Ended | Total (1) (A) | Prior Period Total (B) | Prior Period Interest (C) | Current Period Total (2) (D) | Interest Rate* (E) | Interest Due (3) |
|---|---|---|---|---|---|---|
| 12/31/00 | $ 1,010,067.00 | - | - | $ 1,010,067.00 | 9.00% | $ 90,906.03 |
| 12/31/01 | - | 1,010,067.00 | - | 1,010,067.00 | 9.00% | 90,906.03 |
| 12/31/02 | - | 1,010,067.00 | - | 1,010,067.00 | 9.00% | 90,906.03 |
| 12/31/03 | - | 1,010,067.00 | - | 1,010,067.00 | 9.00% | 90,906.03 |
| 12/31/04 | - | 1,010,067.00 | - | 1,010,067.00 | 9.00% | 90,906.03 |
| 06/02/05 | - | 1,010,067.00 | - | 1,010,067.00 | 3.77% | 38,105.82 |
| | $ 1,010,067.00 | | | | | $ 492,635.97 |

| | |
|---|---|
| Interest Due through 6/2/2005 | $ 492,635.97 |
| Capital | $ 1,010,067.00 |
| Total Amount Due - Michael Trent Reznor | $ 1,502,702.97 |

(1) = Combined Totals
(2) = A+B+C
(3) = D x E

*Interest rate based on 9% annual

# EXHIBIT E

Schedule 2

Michael Trent Reznor v. John A. Malm, Jr. Et. Al.
9% Simple
Merchandising

| Period Ended | Total (1) (A) | Prior Period Total (B) | Prior Period Interest (C) | Current Period Total (2) (D) | Interest Rate* (E) | Interest Due (3) |
|---|---|---|---|---|---|---|
| 12/31/94 | $ 206,960.03 | - | - | $ 206,960.03 | 9.00% | $ 18,626.40 |
| 12/31/95 | 198,518.81 | 206,960.03 | - | 405,478.84 | 9.00% | 36,493.10 |
| 12/31/96 | 96,150.64 | 405,478.84 | - | 501,629.48 | 9.00% | 45,146.65 |
| 12/31/97 | 63,441.21 | 501,629.48 | - | 565,070.69 | 9.00% | 50,856.36 |
| 12/31/98 | 41,491.97 | 565,070.69 | - | 606,562.67 | 9.00% | 54,590.64 |
| 12/31/99 | 53,678.23 | 606,562.67 | - | 660,240.89 | 9.00% | 59,421.68 |
| 12/31/00 | 102,862.31 | 660,240.89 | - | 763,103.21 | 9.00% | 68,679.29 |
| 12/31/01 | 28,910.77 | 763,103.21 | - | 792,013.98 | 9.00% | 71,281.26 |
| 12/31/02 | 27,656.18 | 792,013.98 | - | 819,670.16 | 9.00% | 73,770.31 |
| 12/31/03 | 5,329.84 | 819,670.16 | - | 825,000.00 | 9.00% | 74,250.00 |
| 12/31/04 | - | 825,000.00 | - | 825,000.00 | 9.00% | 74,250.00 |
| 06/02/05 | - | 825,000.00 | - | 825,000.00 | 3.77% | 31,123.97 |
| | $ 825,000.00 | | | | | $ 658,489.66 |

| | |
|---|---|
| Interest Due through 6/2/2005 | $ 658,489.66 |
| Capital | $ 825,000.00 |
| Total Amount Due - Michael Trent Reznor | $ 1,483,489.66 |

(1) = Combined Totals
(2) = A+B+C
(3) = D x E

*Interest rate based on 9% annual

# EXHIBIT F

Schedule 3

Michael Trent Reznor v. John A. Malm, Jr. Et. Al.
9% Simple
Tax Benefits Lost

| Period Ended | Total (1) (A) | Prior Period Total (B) | Prior Period Interest (C) | Current Period Total (2) (D) | Interest Rate* (E) | Interest Due (3) |
|---|---|---|---|---|---|---|
| 12/31/99 | $ 158,000.00 | - | - | $ 158,000.00 | 9.00% | $ 14,220.00 |
| 12/31/00 | - | 158,000.00 | - | 158,000.00 | 9.00% | 14,220.00 |
| 12/31/01 | - | 158,000.00 | - | 158,000.00 | 9.00% | 14,220.00 |
| 12/31/02 | - | 158,000.00 | - | 158,000.00 | 9.00% | 14,220.00 |
| 12/31/03 | - | 158,000.00 | - | 158,000.00 | 9.00% | 14,220.00 |
| 12/31/04 | - | 158,000.00 | - | 158,000.00 | 9.00% | 14,220.00 |
| 06/02/05 | - | 158,000.00 | - | 158,000.00 | 3.77% | 5,960.71 |
| | $ 158,000.00 | | | | | $ 91,280.71 |

| | |
|---|---|
| Interest Due through 6/2/2005 | $ 91,280.71 |
| Capital | $ 158,000.00 |
| Total Amount Due - Michael Trent Reznor | $ 249,280.71 |

(1) = Combined Totals
(2) = A+B+C
(3) = D x E

*Interest rate based on 9% annual

# EXHIBIT G

Schedule 4

Michael Trent Reznor v. John A. Malm, Jr. Et. Al.

9% Simple

Loans to Jointly Owned Entities

| Period Ended | Total (1) (A) | Prior Period Total (B) | Prior Period Interest (C) | Current Period Total (2) (D) | Interest Rate* (E) | Interest Due (3) |
|---|---|---|---|---|---|---|
| 12/31/95 | $ 250,225.50 | - | - | $ 250,225.50 | 9.00% | $ 22,520.30 |
| 12/31/96 | (22,489.00) | 250,225.50 | - | 227,736.50 | 9.00% | 20,496.29 |
| 12/31/97 | 100,120.50 | 227,736.50 | - | 327,857.00 | 9.00% | 29,507.13 |
| 12/31/98 | 21,682.00 | 327,857.00 | - | 349,539.00 | 9.00% | 31,458.51 |
| 12/31/99 | (105,186.50) | 349,539.00 | - | 244,352.50 | 9.00% | 21,991.73 |
| 12/31/00 | 347,239.50 | 244,352.50 | - | 591,592.00 | 9.00% | 53,243.28 |
| 12/31/01 | 60,158.50 | 591,592.00 | - | 651,750.50 | 9.00% | 58,657.55 |
| 12/31/02 | 307,856.00 | 651,750.50 | - | 959,606.50 | 9.00% | 86,364.59 |
| 12/31/03 | 43,705.00 | 959,606.50 | - | 1,003,311.50 | 9.00% | 90,298.04 |
| 12/31/04 | - | 1,003,311.50 | - | 1,003,311.50 | 9.00% | 90,298.04 |
| 06/02/05 | - | 1,003,311.50 | - | 1,003,311.50 | 3.77% | 37,850.96 |
| | $ 1,003,311.50 | | | | | $ 542,686.42 |

| | |
|---|---|
| Interest Due through 6/2/2005 | $ 542,686.42 |
| Capital | $ 1,003,311.50 |
| Total Amount Due - Michael Trent Reznor | $ 1,545,997.92 |

(1) = Combined Totals
(2) = A+B+C
(3) = D x E

*Interest rate based on 9% annual

# EXHIBIT H

Schedule 5

Michael Trent Reznor v. John A. Malm, Jr. Et. Al.
9% Simple
Management Commission

| Period Ended | Total (1) (A) | Prior Period Total (B) | Prior Period Interest (C) | Current Period Total (2) (D) | Interest Rate* (E) | Interest Due (3) |
|---|---|---|---|---|---|---|
| 12/31/99 | $ 69,166.00 | - | - | $ 69,166.00 | 9.00% | $ 6,224.94 |
| 12/31/00 | - | 69,166.00 | - | 69,166.00 | 9.00% | 6,224.94 |
| 12/31/01 | - | 69,166.00 | - | 69,166.00 | 9.00% | 6,224.94 |
| 12/31/02 | - | 69,166.00 | - | 69,166.00 | 9.00% | 6,224.94 |
| 12/31/03 | - | 69,166.00 | - | 69,166.00 | 9.00% | 6,224.94 |
| 12/31/04 | - | 69,166.00 | - | 69,166.00 | 9.00% | 6,224.94 |
| 06/02/05 | - | 69,166.00 | - | 69,166.00 | 3.77% | 2,609.36 |
| | $ 69,166.00 | | | | | $ 39,959.00 |

| | |
|---|---|
| Interest Due through 6/2/2005 | $ 39,959.00 |
| Capital | $ 69,166.00 |
| Total Amount Due - John A. Malm, Jr. | $ 109,125.00 |

(1) = Combined Totals
(2) = A+B+C
(3) = D x E

*Interest rate based on 9% annual