UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUL - 5

-------------------------------------------------------------------x

MICHAEL TRENT REZNOR,

Plaintiff,

-against-

J. ARTIST MANAGEMENT, INC.,
JOHN A. MALM, JR.,
RICHARD SZEKELYI, and
NAVIGENT GROUP,

Defendants.

-------------------------------------------------------------------x

**NOTICE OF APPEAL**

Case No. 04 CIV. 3808 (JSR)

Notice is hereby given that defendants J. Artist Management, Inc. ("JAM") and John A. Malm, Jr. ("Malm") hereby appeal to the United States Court of Appeals for the Second Circuit from the Order and Judgment of the United States District Court for the Southern District of New York entered in this action on the seventh day of June, 2005, which, among other things, awarded plaintiff damages from defendants JAM and Malm in the amount of $4,619,060.34; transferred to plaintiff sole and exclusive ownership of certain trademarks; rescinded plaintiff's 1989 Management Agreement with JAM with respect to any unfulfilled obligations, including any obligation that plaintiff might otherwise have to pay commissions to JAM; and dismissed Malm's and JAM's claims against plaintiff for damages.

A true and correct copy of the Order and Judgment appealed from is attached hereto as Exhibit A.

A service list containing the names and addresses of all counsel to be served is attached as Exhibit B.

ESANU KATSKY KORINS & SIGER, LLP

By:____________________________
Thomas M. Lopez (2699)
605 Third Avenue
New York, NY 10158
(212) 953-6000
Attorneys for Defendants John A. Malm, Jr. and J. Artist Management, Inc.
(212) 953-6000

Dated: New York, New York
July 5, 2005

TO: Steven Shiffman (SS-3630)
KATTEN MUCHIN ZAVIS ROSENMAN
575 Madison Avenue
New York, NY 10022
(212) 940-8800

and

Zia F. Modabber
KATTEN MUCHIN ZAVIS ROSENMAN
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4400
Attorneys for Plaintiff Michael Trent Reznor

Michael F. Lynch (8282)
MARTIN, CLEARWATER & BELL, LLP
Attorneys for Defendants
Richard Szekelyi and Navigent Group
220 East 42nd Street
New York, New York 10017

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL TRENT REZNOR,

Plaintiff,

-v-

J. ARTIST MANAGEMENT, INC., JOHN A. MALM, JR., RICHARD SZEKELYI, and NAVIGENT GROUP,

Defendants.

04 Civ. 3808 (JSR)

ORDER AND JUDGMENT

JED S. RAKOFF, U.S.D.J.

On April 22, 2005, the Court dismissed all claims against defendants Richard Szekelyi and Navigent Group. See Memorandum Order, 4/22/05. Following a two-week trial, a jury, on May 27, 2005, found the remaining defendants, J. Artist Management, Inc. ("JAM") and John A. Malm, Jr., jointly and severally liable on plaintiff's claims of breach of fiduciary duty, fraud, and conversion, and awarded plaintiff $2,927,212.00 on these claims. In addition, the jury found JAM liable for breach of contract but awarded no additional damages (because the damages would have duplicated some of those already awarded under the joint claims) and also found plaintiff not liable on JAM's counter-claim of breach of contract. (A copy of the Jury Verdict is attached to this Order.) All other claims except plaintiff's claims for rescission and other equitable relief were dismissed by the Court at or before trial.

As to plaintiff's claims for rescission and other equitable relief, the Court, immediately following the jury's verdict, issued a ruling from the bench, see transcript, 5/27/05, ordering that all

trademarks currently owned jointly by plaintiff and by one or both remaining defendants (directly or indirectly), be and hereby are transferred to plaintiff's sole ownership. The Court further ruled that the 1989 Management Agreement between plaintiff and JAM be and hereby is rescinded with respect to any unfulfilled obligations, so that, inter alia, JAM has no right to receive, and plaintiff has no obligation to pay to JAM, any commissions whatever on plaintiff's earnings, even if those earnings arise from recording contract(s) entered into during the duration of the 1989 Management Agreement. The Court denied the other equitable relief requested by plaintiff, in particular, plaintiff's request for rescissory relief with respect to the parties' jointly owned company J. Artist Management Merchandise, Inc., also known as Object.

The Court now turns to the question of prejudgment interest, the parties having previously agreed that calculation of such interest would be made by the Court, in the exercise of its discretion, after receiving the parties' letter briefs on the issue. Preliminarily, the Court has determined to apply New York law to this calculation. The parties have been provided multiple opportunities to brief choice of law and have previously agreed to apply New York substantive law throughout this case on the breach of fiduciary duty and fraud claims. While Ohio law does apply to the conversion claim, nonetheless, because, in accordance with the verdict form to which no party objected, the damages cannot be allocated among the claims, the

Court simply applies the law of the forum, and the law applied at trial on two out of three relevant claims, to all damages.[1]

In general, prejudgment interest "shall be computed from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5002(b). Because the various injuries for which plaintiff was awarded damages occurred at different times between 1994 and 2003, the Court awards prejudgment interest on all damages from January 1, 1999, a "single reasonable intermediate date." Id. Defendant proposes to use May 19, 2002 instead, observing that the jury necessarily determined for statute of limitations purposes that plaintiff was unaware of the existence of his causes of action until that date (for the fraud claim) or until May 19, 2001 (for the breach of fiduciary duty and conversion claims) and reasoning that the actions therefore did not accrue until those dates of discovery. However, the fact that plaintiff revived otherwise stale claims by showing that he was reasonably unaware of them until recently does not change the fact that the claims accrued earlier, at the time plaintiff suffered injury. See Cantor Fitzgerald v. Lutnick, 313 F.3d 704, 709 (2d Cir. 2002). Accordingly, the Court awards plaintiff $1,691,848.34 in prejudgment interest, which is based on nine percent annual simple interest calculated from January 1, 1999 until June 3, 2005, the date of this Order.[2]

---

[1]The plaintiff's attempt to reconstruct the jury's findings with respect to the individual claims by analyzing the markings the jury left on various exhibits is rejected.

[2]The plaintiff's request for $1,691,126.40 is based on interest calculated until June 2, 2005.

In accordance with the foregoing, Final Judgment is hereby entered (a) dismissing all claims against defendants Richard Szekelyi and Navigent Group, with prejudice; (b) awarding plaintiff Michael Trent Reznor damages from defendants J. Artist Management, Inc. and John A. Malm, Jr., jointly and severally, in the amount of $4,619,060.34 (plus postjudgment interest in accordance with federal law); (c) transferring to plaintiff sole and exclusive ownership of the trademarks referred to above; (d) rescinding the 1989 Management Agreement between plaintiff and J. Artist Management, Inc. with respect to all unfulfilled obligations, including any obligation that plaintiff might otherwise have to pay commissions to that defendant; and (e) dismissing all other claims with prejudice. Clerk to tax costs.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
June 3, 2005

# Exhibit B

**Service List**

Steven Shiffman (SS-3630)
KATTEN MUCHIN ZAVIS ROSENMAN
575 Madison Avenue
New York, NY 10022
(212) 940-8800

and

Zia F. Modabber
KATTEN MUCHIN ZAVIS ROSENMAN
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
(310) 788-4400
Attorneys for Plaintiff Michael Trent Reznor

Michael F. Lynch (8282)
MARTIN, CLEARWATER & BELL, LLP
Attorneys for Defendants
Richard Szekelyi and Navigent Group
220 East 42nd Street
New York, New York 10017